IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEFRAK ORGANIZATION, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>A.T.N. CHECK CASHING )<br>CORPORATION, )<br><br>Defendant. ) | Case No. 16-cv-4674 |

## COMPLAINT

Plaintiff LeFrak Organization, Inc. ("**LeFrak**"), hereby alleges for its complaint against Defendant A.T.N. Check Cashing Corporation ("**ATN**"), as follows:

### Nature of the Case

1.     This is an action involving infringement of registered trademarks under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* LeFrak owns numerous federally registered trademarks for its well-known LEFRAK name and mark, as well as other LEFRAK-formative marks, including without limitation, LEFRAK CITY. LeFrak uses these well-known marks in connection with real estate investment, development and management services, among others.

2.     Long after LeFrak adopted, registered and began using the aforementioned registered marks, and with full knowledge of LeFrak's rights in its name and marks, ATN began displaying signage on its premises using the LEFRAK CITY mark, which gives the false and misleading impression that ATN is an authorized source for tenants of the LeFrak City residential apartment development to pay their rent, and/or that ATN is otherwise affiliated with, or sponsored or endorsed by, Lefrak, which it is not.

3.      After discovering that ATN was using LeFrak's registered LEFRAK CITY mark in connection with payment services, LeFrak contacted ATN in October 2015, November 2015 and May 2016, demanding that ATN remove the infringing signage and cease all further use of the LEFRAK CITY mark.  Despite receiving multiple notices from LeFrak, ATN continues to display the infringing signage and misrepresent to the public that it is an authorized source for collection of rent due to LeFrak.

### Parties

4.      Plaintiff LeFrak Organization, Inc. is a New York corporation with its principal place of business at 40 West 57th Street, New York, New York 10019.

5.      Defendant A.T.N. Check Cashing Corporation is a New York corporation, with a place of business at 97-03 57th Avenue, Corona, New York 11368.

### Jurisdiction

6.      This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of Counts I–II pursuant to 15 U.S.C. §§ 1114 and 1125(a) and 28 U.S.C. §§ 1331 and 1338.

7.      Pursuant to 28 U.S.C. §§ 1367(a) and 1338(b), this Court has supplemental jurisdiction over Counts III–VI in this Complaint, which arise under the statutes and common law of New York, because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      This Court has jurisdiction over ATN because ATN is domiciled in New York; because ATN has engaged in business activities in, and directed to, the State of New York and within this judicial district; and because ATN has knowingly committed tortious acts aimed at, and causing harm within, the State of New York and this judicial district.

2

9.      The Eastern District of New York is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because ATN resides in this judicial district and because a substantial part of the events giving rise to LeFrak's claims occurred in this judicial district.

## Facts

10.      LeFrak is a preeminent, family-owned real estate company with an extensive portfolio of commercial and residential real property in the New York and New Jersey metropolitan areas, among others. LeFrak is the developer of LeFrak City, a large residential apartment complex located in Corona, Queens.

11.      LeFrak owns all right, title and interest in and to numerous federal service mark registrations for LEFRAK and other LEFRAK-formative marks, including, among others, U.S. Trademark Registration No. 3,571,675 for LEFRAK, U.S. Trademark Registration No. 3,516,342 for LEFRAK CITY, and U.S. Trademark Registration No. 3,646,465 for LEFRAK CITY LIVE A LITTLE BETTER (collectively, the "LeFrak Marks"). Each of the foregoing registrations is valid, subsisting and in full force and effect, and the registrations for LEFRAK and LEFRAK CITY have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b). Copies of printouts from the U.S. Patent and Trademark Office's TSDR Database evidencing the foregoing registrations are attached hereto as Exhibit A.

12.      Since at least 1960, LeFrak has used its LEFRAK CITY mark in connection with real estate investment, development and management services, including, without limitation, in advertising and marketing materials promoting the LeFrak City development, and on the LeFrak City website located at www.lefrakcity.com. Indeed, due to the large size and longevity of the LeFrak City development, it has become an iconic part of the landscape in Queens.

13.      Upon information and belief, ATN is a check cashing center and money transmitter, at which individuals may deposit checks.

3

14.    ATN prominently displays signage on its premises that announces that customers can "Pay Your LeFrak City Rent Here!"  Examples of the offending signage are attached hereto as Exhibit B.

15.    ATN has never sought, and does not have, LeFrak's permission to use the LEFRAK CITY mark in any manner, nor has ATN sought or been granted by LeFrak the right to serve as an authorized source for tenants of LeFrak City to pay their rent.

16.    In certain cases, LeFrak City received rent paid through ATN after the payment deadline, causing late payment notice letters to be sent erroneously to certain tenants of LeFrak City.  In certain cases, LeFrak City never received rent paid through ATN, causing payment default notices to be sent to certain tenants of LeFrak City, and further causing such tenants to make additional payments to LeFrak City.  LeFrak learned that such tenants had made payments through ATN when such tenants complained about receiving the mistaken late payment and payment default letters, believing that their payments had been timely made.

17.    LeFrak has also commenced non-payment actions in court against tenants for their payment defaults, which, in certain instances, resulted from payments made through ATN. LeFrak learned that such tenants had made payments through ATN when they raised such payments as a defense.  LeFrak has incurred legal fees and expenses in connection with commencing and prosecuting such actions.

18.    On or about October 14, 2015, LeFrak first contacted ATN by letter, requesting that ATN remove the infringing signage and cease and desist from any further use of the LEFRAK and LEFRAK CITY marks in association with the marketing, sale, distribution or identification of ATN's services.  LeFrak did not receive any response to such letter.  A copy of LeFrak's October 14, 2015 letter is attached hereto as Exhibit C.

4

19.     On or about November 9, 2015, LeFrak sent a second letter to ATN, reiterating its requests set forth in its October 14, 2015 letter.  LeFrak did not receive any response to such letter.  A copy of LeFrak's November 9, 2015 letter is attached hereto as Exhibit D.

20.     On or about May 24, 2016, LeFrak's counsel sent a third letter to ATN, reiterating LeFrak's requests set forth in LeFrak's October 14, 2015 and November 9, 2015, letters.  LeFrak's counsel did not receive any response to its letter.  A copy of LeFrak's counsel's May 24, 2016 letter is attached hereto as Exhibit E.

21.     LeFrak has expended considerable resources to promote the LEFRAK brand, and to protect and preserve the reputation and goodwill associated with the LeFrak Marks.

22.     The LEFRAK CITY mark used by ATN is identical to LeFrak's federally registered and incontestable LEFRAK CITY mark in sight, sound and commercial impression.

23.     ATN is using the LEFRAK CITY mark in connection with services that are related to LeFrak's real estate services, in that ATN is using LeFrak's mark to misleadingly advertise that LeFrak's tenants can pay their rent due to LeFrak through ATN.

24.     ATN's services are marketed to the same class of consumers as LeFrak's real estate services provided under the LEFRAK CITY mark, as ATN is expressly collecting payments due to LeFrak from tenants living in LeFrak's development.

25.     Upon information and belief, ATN adopted and is using the LEFRAK CITY mark in bad faith and in a deliberate and willful attempt to trade on the extensive and exclusive goodwill LeFrak has developed in its LeFrak Marks.

26.     Consumer confusion is particularly likely, as ATN's premises are physically located near LeFrak City, which supports the misleading impression that ATN's check cashing services are affiliated with, or authorized, sponsored or endorsed by, LeFrak, which they are not.

27.      As a result of ATN's infringing use of the LEFRAK CITY mark, LeFrak has incurred monetary harm and damage to its reputation and goodwill.  In particular, in certain cases, LeFrak City received rent paid through ATN after the deadline, causing late payment notice letters to be sent erroneously to certain tenants of LeFrak City, thereby harming LeFrak's reputation and forcing LeFrak to incur the expense of preparing and sending such notices. Additionally, in certain cases, LeFrak City never received rent paid through ATN, causing payment default notices to be sent to certain tenants of LeFrak City and forcing LeFrak to incur legal fees and expenses to commence actions against such tenants for non-payment.

## COUNT I

### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114)

28.      LeFrak adopts and incorporates by reference paragraphs 1- 27 as if fully restated herein.

29.      LeFrak owns the federally registered and incontestable LEFRAK and LEFRAK CITY marks, among others, and uses those marks in connection with, among other things, real estate investment, development and management services.

30.      ATN is using the mark LEFRAK CITY in connection with payment services, to suggest misleadingly that ATN is an authorized source for tenants of one of LeFrak's residential apartment developments to pay their rent owed to LeFrak, which it is not.

31.      LeFrak's exclusive rights in the LeFrak Marks significantly predate ATN's first use of the LEFRAK CITY mark.

32.      ATN's use of the LEFRAK CITY mark has already caused consumer confusion, and is likely to continue to cause consumer confusion; to cause the public to believe that ATN's services are affiliated with, or authorized, sponsored or endorsed by, LeFrak, which they are not;

and to result in ATN unfairly and unlawfully benefitting from an association with LeFrak and its goodwill, all in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

33.    As a direct and proximate result of ATN's unauthorized use of the LEFRAK CITY mark, LeFrak has suffered and will continue to suffer injury and damage to its business, reputation and goodwill. In addition, payment delay and payment default notices are improperly being sent to tenants who timely paid their rent through ATN. LeFrak has incurred and will continue to incur expenses in preparing and sending such notices, as well as legal fees and expenses in connection with payment default actions commenced as a result thereof.

34.    LeFrak is without an adequate remedy at law to redress ATN's acts complained of herein and will be irreparably harmed unless ATN is enjoined from committing or continuing to commit such acts of infringement of LeFrak's exclusive trademark rights.

35.    ATN was put on notice in multiple instances of LeFrak's objection to ATN's use of the LEFRAK CITY mark, thereby committing the acts complained of herein with full knowledge and/or deliberate and willful disregard for LeFrak's rights in the LEFRAK CITY mark, and thus this constitutes an exceptional case.

## COUNT II

### False Designation of Origin
### (15 U.S.C. § 1125(a))

36.    LeFrak adopts and incorporates by reference paragraphs 1-35 as if fully restated herein.

37.    Through its extensive use of the LeFrak Marks in commerce, LeFrak owns and has the exclusive right to use the LEFRAK and LEFRAK CITY marks (among others), and uses those marks in connection with real estate investment, development and management services.

38.    ATN is using the LEFRAK CITY mark in connection with payment services that

are directly related to LeFrak's real estate services, in that ATN is using LeFrak's mark to misleadingly suggest that ATN is an authorized source for LeFrak's tenants to pay their rent due to LeFrak, which it is not.

39.     ATN's use of the LEFRAK CITY mark has already caused consumer confusion, and is likely to continue to cause consumer confusion with LeFrak's use of its LeFrak Marks; to cause the public to believe that ATN's services are affiliated with, or authorized, sponsored or endorsed by, LeFrak, which they are not; and to result in ATN's unfairly and unlawfully benefitting from LeFrak's goodwill, all in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

40.     As a direct and proximate result of ATN's unauthorized use of the LEFRAK CITY mark, LeFrak has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.  In addition, payment delay and payment default notices are improperly being sent to tenants who timely paid their rent through ATN. LeFrak has incurred and will continue to incur expenses in preparing and sending such notices, as well as legal fees and expenses in connection with payment default actions commenced as a result thereof.

41.     LeFrak is without an adequate remedy at law to redress ATN's acts complained of herein and will be irreparably harmed unless ATN is enjoined from committing or continuing to commit such acts of infringement of LeFrak's exclusive trademark rights.

42.     ATN's acts complained of herein, committed with full knowledge of and/or willful disregard for LeFrak's right in the LEFRAK CITY mark, are willful and intentional, and thus this constitutes an exceptional case.

## COUNT III

### Trademark Dilution
### (N.Y. Gen. Bus. Law § 360-L)

43.     LeFrak adopts and incorporates by reference paragraphs 1-42 as if fully restated herein.

44.     LeFrak is the exclusive owner of all rights, title and interest in and to the federally registered and incontestable LEFRAK and LEFRAK CITY marks, among others.

45.     Through its extensive use of the LeFrak Marks in commerce in connection with real estate investment, development and management services, including commerce within the State of New York, the LeFrak Marks have developed a distinctive quality within the meaning of Section 360-1 of the New York General Business Laws.  In particular, the LEFRAK CITY mark has been in use in commerce since at least 1960, and has become famous as a result of LeFrak's extensive and exclusive use of the mark in connection with real estate services.

46.     Well after the LeFrak Marks acquired their distinctive quality in the marketplace, ATN, without authorization from LeFrak, began using the LEFRAK CITY mark in connection with payment services that are directly related to LeFrak's real estate services, in that ATN is using LeFrak's mark to misleadingly suggest that ATN is an authorized source for LeFrak's tenants to pay their rent due to LeFrak, which it is not.  ATN directs its payment services at, among others, the same consumers as LeFrak, as ATN markets its services to residents of LeFrak City, thereby creating a direct association with LeFrak and its LEFRAK CITY mark.

47.     ATN's unauthorized use of the LEFRAK CITY mark dilutes and/or is likely to dilute the distinctive quality of the mark, and to lessen the capacity of the LEFRAK CITY mark to identify and distinguish LeFrak's services, in violation of Section 360-1 of the New York General Business Law.

48.     ATN's acts have caused, and will continue to cause, irreparable injury to LeFrak for which there is no adequate remedy at law.

## COUNT IV

### Deceptive Acts and Practices
### (N.Y. Gen. Bus. Law § 349)

49.     LeFrak adopts and incorporates by reference paragraphs 1-48 as if fully restated herein.

50.     ATN prominently displays signage on its premises that announces that customers can "Pay Your LeFrak City Rent Here!"  Through its promotion of its payment services using LeFrak's federally registered and incontestable LEFRAK CITY mark, ATN has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

51.     As a result of ATN's delay in processing tenant rent payments, payment default notices are improperly being sent to tenants who timely paid their rent through ATN, and certain tenants have been the subject of payment default actions as a result thereof.  LeFrak has incurred and will continue to incur expenses in preparing and sending such notices, as well as legal fees and expenses in connection with such payment default actions.

52.     ATN's deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom both ATN directs its infringing activities and LeFrak directs its residential real estate services, causing injury to LeFrak.

53.     By the acts described herein, ATN has deliberately and willfully engaged in deceptive acts or practices in the conduct of its business in violation of Section 349 of the New York General Business Law.

54.    ATN's acts have caused, and will continue to cause, irreparable injury to LeFrak for which there is no adequate remedy at law.

## COUNT V

### Common Law Unfair Competition

55.    LeFrak adopts and incorporates by reference paragraphs 1-54 as if fully restated herein.

56.    As a result of ATN's acts complained of herein, consumers have already experienced actual confusion, and are likely to continue to be confused; consumers are likely to believe that ATN's check cashing services are affiliated with, or authorized, sponsored or endorsed by, LeFrak, which they are not; ATN will unfairly and unlawfully benefit from LeFrak's expenditure of effort and resources in developing the goodwill associated with the LeFrak Marks; and LeFrak has no control over the quality of ATN's services – all causing harm to LeFrak's tenants and the greater public, who depend on LeFrak's services having a certain level of quality and reliability.

57.    In addition, because of ATN's delay in processing tenant rent payments, payment default notices are improperly being sent to tenants who timely paid their rent through ATN. LeFrak has incurred and will continue to incur expenses in preparing and sending such notices, as well as legal fees and expenses in connection with payment default actions commenced as a result thereof.

58.    ATN was put on notice in multiple instances of LeFrak's objection to ATN's use of the LEFRAK CITY mark, but ignored each notice.  ATN has used and continues to use LeFrak's LEFRAK CITY mark in bad faith, and in deliberate and willful disregard for LeFrak's exclusive rights therein.

59.    ATN's acts complained of herein are deceptive, misleading and unfair, and

constitute unfair competition in violation of the common law of the State of New York.

60.     ATN's acts have caused, and will continue to cause, irreparable injury to LeFrak for which there is no adequate remedy at law.

## COUNT VI

### Common Law Trademark Infringement

61.     LeFrak adopts and incorporates by reference paragraphs 1-60 as if fully restated herein.

62.     LeFrak exclusively owns and has developed common law rights in the LeFrak Marks due to its longstanding, extensive and exclusive use of those marks in connection with, among other things, real estate investment, development and management services.

63.     ATN is using the mark LEFRAK CITY in connection with payment services, to misleadingly suggest that ATN is an authorized source for tenants of one of LeFrak's residential apartment developments to pay their rent owed to LeFrak, which it is not.

64.     LeFrak's exclusive rights in the LeFrak Marks significantly predate ATN's first use of the LEFRAK CITY mark.

65.     ATN's use of the LEFRAK CITY mark has already caused consumer confusion, and is likely to continue to cause consumer confusion; to cause the public to believe that ATN's services are affiliated with, or sponsored or endorsed by, LeFrak, which they are not; and to result in ATN unfairly and unlawfully benefitting from an association with LeFrak and its goodwill.

66.     As a direct and proximate result of ATN's unauthorized use of the LEFRAK CITY mark, LeFrak has suffered and will continue to suffer injury and damage to its business, reputation and goodwill.  In addition, because of ATN's delay in processing tenant rent payments, payment default notices are improperly being sent to tenants who timely paid their

rent through ATN. LeFrak has incurred and will continue to incur expenses in preparing and sending such notices, as well as legal fees and expenses in connection with payment default actions commenced as a result thereof.

67.     LeFrak is without an adequate remedy at law to redress ATN's infringement of LeFrak's common law trademark rights and will be irreparably harmed unless ATN is enjoined from committing or continuing to commit such acts of infringement of LeFrak's exclusive rights.

**Prayer for Relief**

WHEREFORE, LeFrak requests that judgment be granted in its favor and against ATN and that this Court award it the following relief:

A.     A preliminary injunction and a final, permanent injunction against ATN and all of its affiliates and those in active concert or participation with ATN, prohibiting them from using the LeFrak Marks, or any mark likely to cause confusion with any of the LeFrak Marks, in connection with any financial or real estate service;

B.     An order that (i) all signage bearing the LEFRAK CITY mark be immediately removed from ATN's premises and delivered to LeFrak; (ii) any use of the LEFRAK CITY mark, or any derivative thereof, on any website, or electronic advertising, marketing, promotion or other materials distributed by or on behalf of ATN be immediately disabled and removed; and (iii) any use of the LEFRAK CITY mark, or any derivative thereof, on any print advertising, marketing, promotion or other materials distributed by or on behalf of ATN be immediately delivered to LeFrak;

C.     Damages in an amount to be proven at trial sufficient to compensate LeFrak for all damages caused by ATN's conduct, with such damages to be trebled pursuant to 15 U.S.C. § 1117(a), and/or because of ATN's intentional acts of infringement, or if otherwise appropriate within the Court's discretion;

13

D.      Disgorgement of all profits or other unjust enrichment obtained by ATN as a result of its conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate LeFrak for the harm incurred as a result of ATN's acts;

E.      All allowable costs associated with this action;

F.      LeFrak's attorneys' fees and expenses;

G.      Pre- and post-judgment interest; and

H.      Any and all other relief that this Court deems just and proper.


Dated:  August 22, 2016                    Respectfully submitted,


                                           Howard E. Cotton
                                           Michael S. Gordon
                                           Jessica M. Garrett
                                           KATTEN MUCHIN ROSENMAN LLP
                                           575 Madison Avenue
                                           New York, NY  10022
                                           Telephone:  (212) 940-8800
                                           Fax:  (212) 940-8776
                                           howard.cotton@kattenlaw.com
                                           michael.gordon@kattenlaw.com
                                           jessica.garrett@kattenlaw.com

                                           *Attorneys for LeFrak Organization, Inc.*